# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| SARAH LEHR,         ) | |
|         ) | |
| **Plaintiff,**         ) | Case No. _____ |
|         ) | |
| v.         ) | **Removed from the Circuit Court for** |
|         ) | **Davidson County, Tennessee, 20th** |
| TAPESTRY, INC.,         ) | **Judicial District (Civil Action No.** |
|         ) | **23C1329)** |
| **Defendant.**         ) | |
|         ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Tapestry, Inc. ("Tapestry"), incorrectly identified as COACH/Tapestry, Inc., has removed this action from the Circuit Court for Davidson County, Tennessee, 20th Judicial District, ("Circuit Court") to the United States District Court for the Middle District of Tennessee ("Federal Court"). In support of removal, Tapestry states the following:

1. Plaintiff Sarah Lehr ("Plaintiff") filed a *pro se* action against Tapestry with the Circuit Court on June 8, 2023, under the caption *Sarah Lehr v. COACH/Tapestry, Inc.*, Civil Action No. 23C1329. Tapestry was served with copies of the Summons and Complaint on June 14, 2023. Copies of the Complaint and Summons, which constitute all process, pleadings, and orders served upon Tapestry in this action, are attached hereto as **Composite Exhibit A**.

2. Tapestry's Notice of Removal is timely under 28 U.S.C. § 1446 because it is filed within thirty (30) days of the date on which Tapestry was served with the Summons and Complaint.

3. In her Complaint, Plaintiff asserts two causes of action under Tennessee law: (1) retaliatory discharge in violation of the Tennessee Public Protection Act ("TPPA"), T.C.A. § 50-1-104; and (2) negligence. She also asserts one cause of action under federal law: gender

discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.

4. The Federal Court has original jurisdiction over Plaintiff's Title VII claim under 28 U.S.C. § 1331 because that claim arises "under the Constitution, laws, or treaties of the United States."

5. The Federal Court can exercise supplemental jurisdiction over Plaintiff's two state-law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiff's Title VII claim.

6. Complete diversity exists between the parties because Plaintiff is a resident and citizen of the State of Tennessee, while Tapestry is a publicly held Maryland corporation with its principal place of business located in New York, New York.

7. The amount in controversy exceeds $75,000 because Plaintiff's Complaint seeks $167,517 in monetary damages from Tapestry.

8. Thus, this Federal Court also has original jurisdiction over all the causes of action asserted in Plaintiff's Complaint under 28 U.S.C. §§ 1332(a)(1) and 1441(b) based on diversity of citizenship and the amount in controversy.

9. Tapestry, upon filing this Notice of Removal, will file a copy of such Notice with the State Court and serve a copy upon Plaintiff via first-class U.S. Mail, postage prepaid, in accordance with 28 U.S.C. § 1446(d). Copies of Tapestry's Notice to the Circuit Court and Notice to Adverse Parties are attached hereto as **Composite Exhibit B**.

Respectfully submitted this 7th day of July, 2023

/s/ Heath H. Edwards
Heath H. Edwards (TN BPR No. 034076)
EPSTEIN BECKER & GREEN, P.C.
1222 Demonbreun Street, Suite 1400
Nashville, TN  37203
Phone: 615.564.6060
Fax: 615.691.7715
Email: HEdwards@ebglaw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via first-class U.S.

Mail, postage prepaid, upon the following:

Sarah Lehr
33 Hamilton Station Crossing, Apartment 312
Lebanon, TN 37087

on this 7th day of July, 2023.


/s/ Heath H. Edwards
Heath H. Edwards

*Attorney for Defendant Tapestry, Inc.*