IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SARAH LEHR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:23-cv-00675 |
| | ) | Judge Trauger / Frensley |
| TAPESTRY, INC., | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

This matter is before the Court upon Defendant's Partial Motion to Dismiss, seeking to dismiss Plaintiff's gender discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as untimely. Docket No. 5. Along with its Motion, Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 6. The Plaintiff has filed a response in opposition to the motion. Docket No. 8. The Defendant has filed a reply. Docket No. 9.

For the reasons discussed below, the undersigned finds that Plaintiff's Title VII gender discrimination claim was untimely-filed and fails to satisfy the criteria for equitable tolling. Accordingly, the undersigned recommends that Defendant's Partial Motion to Dismiss (Docket No. 5) be **GRANTED**.

### II.    BACKGROUND

With regard to the filing of the pro se Plaintiff's Complaint, the following factual and procedural background is relevant: Plaintiff dual-filed a Charge of Discrimination with the THRC and the EEOC (Charge No. 494-2022-02506, hereinafter referred to as "Charge") on February 13, 2023. Docket No. 8-1. In her Charge, Plaintiff alleged that Defendant violated Title VII when it

1

terminated her employment on June 15, 2022. Id. On February 17, 2023, the EEOC issued Plaintiff a Right to Sue Notice for the Charge. *See id.*, Ex. C. The EEOC mailed the Right to Sue Notice to the same address that Plaintiff identified in her Charge (and, subsequently, in her Complaint). See Docket No. 8-1, Exs. A, B, and C; Docket No. 1-2. The Right to Sue Notice expressly stated that Plaintiff must file her lawsuit "WITHIN 90 DAYS of your receipt of this notice." Docket No. 8-1, Ex. C (emphasis original).

Thereafter, Plaintiff filed a pro se Complaint in the Circuit Court for Davidson County, Tennessee, 20th Judicial District ("Circuit Court") on June 8, 2023. *See* Docket No. 1-2. Defendant timely removed this action from the Circuit Court to this Court on July 7, 2023. Docket No. 1.

As grounds for its Motion, Defendant argues that Plaintiff's gender discrimination claim is untimely-filed because Plaintiff did not plead in her Complaint that she filed the instant action within ninety (90) days of receiving her Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC") or the Tennessee Human Rights Commission ("THRC"), and because Plaintiff did not attach a Right to Sue Notice as an exhibit to her Complaint. *Id.* Defendant argues that Plaintiff is therefore precluded as a matter of law from asserting a Title VII claim against it, such that that claim must be dismissed. *Id.*

Plaintiff has filed a Response, conceding that she filed her Complaint sixteen (16) days late, but arguing that the statute should be tolled, and her filing should be accepted as timely because of "the two-month time period between the right to sue granted by the EEOC on 2/17/23 and the completion of the EEOC's investigation on 4.5.23." Docket No. 8. Plaintiff continues,

> On 3/21/23, I, Sarah Lehr, exercised my right to obtain a copy of my employee file under the Freedom of Information Act (FOIA). I requested through EEOC, referring to the original EEOC Charge No. 494-2022-02506, related to my claim of gender discrimination and the right to sue documentation issued.
>
> On 4/5/23, the U.S. Equal Employment Opportunity Commission, New York

> District Office, granted me the request of obtaining a copy of my employee file with TAPESTRY Inc, under Freedom of Information Act (FOIA). The request was partially denied as TAPESTRY Inc. claimed no such records exist.
>
> I asked TAPESTRY Inc. to provide a copy of my employee file the day I was terminated on 6.15.22, and again on 3/21/23. My employee file is important because it proves my excellent performance, with the 16 annual performance reviews. Additionally, the employee file was needed to prove the one additional complaint I made in which I reported both racial and gender discrimination on TAPESTRY'S behalf regarding employee Jeriel Johnson. The complaint was made between 2020-2022, and is a separate incident from the May 30th, 2022 and June 15th, 2022 gender discrimination complaint.

*Id.*

Defendant has filed a Reply, noting Plaintiff's admission that she filed her Complaint sixteen (16) days late, and arguing that Plaintiff's desire for this Court to excuse its untimeliness because of her "after-the-fact" FOIA request to the EEOC for her personnel file is insufficient to equitably toll Title VII's ninety (90) day limitations period. Docket No. 9. Defendant argues that, while there are instances when the ninety (90) day limitations period can be tolled, Plaintiff has failed to establish the requisite criteria for equitable tolling, such that her Title VII claim remains untimely. *Id.*

### III. LAW AND ANALYSIS

#### A. Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F. 3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

The court will construe the complaint in the light most favorable to the nonmoving party,

accept its allegations as true, and draw all reasonable inferences in favor of the nonmoving party. *See Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F. 3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that the pleadings contain "a short and plain statement of the claim" that will provide fair notice of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8.

A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F. 3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the current appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

## B. Title VII of the Civil Rights Act of 1964

### i. Generally

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
>
> 1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> 2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

### ii. EEOC Charge

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F. 3d 246, 254 (6th Cir. 1998), *citing Ang v. Procter & Gamble Co.,* 932 F. 2d 540, 544-45 (6th Cir. 1991). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-

encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F. 2d 125, 131 (6th Cir. 1971), *citing Sanchez v. Standard Brands, Inc.,* 431 F. 2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F. Supp. 943 (N.D. Ga. 1968).

### iii. Right to Sue, Time to File, and Equitable Tolling

As set forth in Title VII and the text of an EEOC Notice of Right to Sue letter, a plaintiff has ninety (90) days from receipt of their Notice of Right to Sue in which to institute a federal action and file their Complaint therein. *See* 42 U.S.C. §2000e-5(f)(1); Docket No. 8-1, Ex. C. *See also, Peete v. American Standard Graphic,* 885 F. 2d 331, 331-32 (6th Cir. 1989). The ninety (90) day clock begins to run on the date the plaintiff receives the Notice of Right to Sue. *See Banks v. Rockwell Int'l N. Am. Aircraft Ops.*, 855 F. 2d 324, 326 (6th Cir. 1988).[1] Absent meeting the criteria for equitable tolling of this ninety (90) day statute of limitation, Complaints filed beyond the ninety (90) day limitations period are time-barred and subject to dismissal with prejudice. *See Brown v. Hyperion Seating Corp.*, 194 F. 3d 1311 (6th Cir. 1999).

When considering whether to grant equitable tolling to a plaintiff under Title VII's ninety (90) day limitations period, courts in the Sixth Circuit weigh the following factors: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the filing requirement. *Zappone v. United States*, 870 F. 3d 551, 556 (6th Cir. 2017); *Jackson v. United States*,

---

[1] If the Notice of Right to Sue was correctly addressed and mailed from the EEOC to the plaintiff's address of record, there is a presumption that the mail was received by the plaintiff, and the ninety (90) day limitations period begins to run five (5) days after the date of mailing. *Banks, supra*.

751 F.3d 712, 719 (6th Cir. 2014).

Equitable tolling is granted sparingly. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95-96 (1990).

### C. The Case at Bar

In the instant action, Plaintiff concedes that she filed her Complaint in this action nineteen (19) days late.[2] Docket No. 8. It is therefore uncontested that Plaintiff's Complaint was untimely filed. As discussed above, however, Plaintiff argues that the statute should be equitably tolled, and her untimeliness excused because her FOIA request to the EEOC took two (2) months after she received her Notice of Right to Sue to resolve. *Id.*

With regard to whether the ninety (90) day statute at issue should be equitably tolled, the Right to Sue Notice expressly stated that Plaintiff must file her lawsuit "**WITHIN 90 DAYS of your receipt of this notice**." Docket No. 8-1, Ex. C (emphasis original). Accordingly, Plaintiff had actual, express notice of the ninety (90) day requirement. She therefore cannot establish that the statute should be equitably tolled under the first, second, or fifth factors discussed above.

Examining whether the statute should be equitably tolled under the third factor discussed above, the record establishes that Plaintiff did not submit her FOIA request to the EEOC until thirty-two (32) days after she received her Notice of Right to Sue.[3] *Compare* Docket No. 8-1, Ex. A *with* Docket No. 8-1, Ex. C. As discussed, Plaintiff was specifically and explicitly informed in

---

[2] The EEOC mailed the Notice of Right to Sue to Plaintiff's address of record on February 17, 2023. Docket No. 8-1, Ex. B at 1. Accounting for the additional five (5) days for Plaintiff to receive the Notice of Right to Sue in the mail, Plaintiff had until May 23, 2023, in which to timely file her Title VII Complaint. Plaintiff did not do so. Instead, Plaintiff filed her Complaint in this action on June 8, 2023, sixteen (16) days late. Docket No. 1-2; *see also* Docket No. 8.
[3] Specifically, Plaintiff's Notice of Right to Sue letter was issued on February 17, 2023 (Docket No. 8-1, Ex. C), but she did not file her FOIA with the EEOC until March 20, 2023 (Docket No. 8-1, Ex. A0.

7

her Notice of Right to Sue that she must file her lawsuit "**WITHIN 90 DAYS of your receipt of this notice.**" Docket No. 8-1, Ex. C (emphasis original). Even knowing that she must file her lawsuit within in ninety (90) days, Plaintiff chose to wait an additional thirty-two (32) days to file her FOIA request with the EEOC. *Compare* Docket 8-1, Ex. A *with* Docket 8-1, Ex. C. Plaintiff's thirty-two (32) day delay in filing her FOIA request with the EEOC weighs against Plaintiff's "diligence in pursuing her rights." Additionally, Plaintiff had another seven (7) weeks after the EEOC responded to her FOIA request in which to file this Complaint. *Compare* Docket 8-1, Ex. A *with* Docket 1-2. Plaintiff failed to do so. Equitable tolling under the third factor is therefore likewise unwarranted.

As noted, equitable tolling is granted sparingly, but is granted when consideration of the five factors set forth above weighs in its favor. *See Irwin*, 498 U.S. at 95-96; *Zappone*, 870 F. 3d at 556; *Jackson*, 751 F.3d at 719. When, as is the case here, Plaintiff cannot establish four of the five factors, she cannot tip the balance in her favor, and equitable tolling is unwarranted.[4]

## IV. CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiff's Title VII gender discrimination claim was untimely-filed and fails to satisfy the criteria for equitable tolling. Accordingly, the undersigned recommends that Defendant's Partial Motion to Dismiss (Docket No. 5) be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen

---

[4] Even if Plaintiff could establish the absence of prejudice to Defendant, that factor, standing alone, is insufficient to tip the balance in her favor, and equitable tolling remains unwarranted.

8

(14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**